[796 NYS2d 369]

In the Matter of MICHAEL ADAM SHICHMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 31, 2005

APPEARANCES OF COUNSEL

*Faith Lorenzo*, Hauppague, (*Leslie A. Anderson* of counsel), for petitioner.

*R.B. Schwartz & Associates, P.C.*, Mineola (*Richard B. Schwartz* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated January 27, 2004, containing two charges of professional misconduct. After a hearing on March 17, 2004, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent's counsel has submitted a reply affirmation in which he agrees with the Special Referee's findings with respect to Charge Two but maintains that Charge One, as set forth in the petition, does not charge any specific violation and should be dismissed. The respondent asks the Court to consider the mitigating factors set forth in the Special Referee's report and to allow him to continue to practice law without suspension.

Charge One alleges that the respondent has been convicted of an alcohol-related crime and other offenses.

On or about November 29, 1997, the respondent was arrested in Nassau County and charged under District Court docket No. 35142/97 with the following offenses: driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor; unreasonable and imprudent speed, in violation of Vehicle and Traffic Law § 1180 (a), a traffic infraction; and failure to stay in lane, in violation of Vehicle and Traffic Law § 1128 (c), a traffic infraction. On March 9, 1998, the charges were resolved in a bargained-for disposition whereby the respondent pleaded guilty to driving while intoxicated as charged and the remaining two infractions were dismissed. The respondent was sentenced in the District Court of Nassau County, First District (Raab, J.) to, inter alia, a conditional discharge, a $1,000 fine, and treatment as required by the Step Program at North Shore University Hospital.

On or about September 30, 1988, the respondent was arrested in Nassau County and charged under District Court docket No.

16615/88 with driving while impaired, in violation of Vehicle and Traffic Law § 1192 (1), a traffic infraction, and unreasonable and imprudent speed, in violation of Vehicle and Traffic Law § 1180, a traffic infraction. On or about October 21, 1988, the charges against the respondent were resolved in a bargained-for disposition before District Court Judge Ralph P. Franco. The respondent pleaded guilty as charged and was sentenced to a $350 fine and a 90-day suspension of his license for the violation of Vehicle and Traffic Law § 1192 (1) and a $100 assessment for the violation of Vehicle and Traffic Law § 1180.

Charge Two alleges that the respondent failed to file the record of his conviction with the Appellate Division within 30 days after his misdemeanor plea and sentence, in violation of Judiciary Law § 90 (4) (c).

Based on the evidence adduced at the hearing, including the respondent's admissions and the uncontroverted fact of his convictions, the Special Referee properly sustained both charges and the motion to confirm the Special Referee's report is granted. Notwithstanding the respondent's contention that Charge One does not set forth any specific violation and should be dismissed, an attorney's conviction of alcohol-related offenses constitutes conduct that adversely reflects upon his or her fitness as a lawyer.

In determining an appropriate measure of discipline to impose, the petitioner points out that the respondent has been the recipient of a letter of admonition, dated August 25, 1999, for engaging in offensive conduct beyond the bounds of zealous advocacy by inflicting "needless harm" through his comments in the course of a litigation. In mitigation, the respondent has stressed the inadvertence of his failure to report his misdemeanor conviction as well as his sincere remorse. Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and CRANE, JJ., concur.

Ordered that the motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Michael Adam Shichman, is publicly censured for his professional misconduct.